1
2
3
4
5

Robert W. Mitchell (WSBA # 37444)
Robert W. Mitchell, Attorney at Law, PLLC
700 W. Evergreen Blvd.
Vancouver, WA 98660
Telephone:     (360) 993-5000
Facsimile:     (888) 840-6003
Email:          bobmitchellaw@gmail.com

*Attorney for Plaintiffs, YUICHIRO MIYATA and SYRINTHIA CAMPBELL*

6

**UNITED STATES DISTRICT COURT**

7

**FOR THE WESTERN DISTRICT OF WASHINGTON**

8
9

YUICHIRO MIYATA and SYRINTHIA
CAMPBELL, and the marital community
comprised thereof,

NO.

10

Plaintiffs,

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR
VIOLATIONS OF THE WASHINGTON
CONSUMER PROTECTION ACT AND
THE FAIR CREDIT REPORTING ACT
AND THE FAIR DEBT COLLECTION
PRACTICES ACT

11

v.

12
13
14
15
16
17
18
19
20
21
22

EXPERIAN INFORMATION SOLUTIONS,
INC., an Ohio Corporation, MOUNTAIN
RUN SOLUTIONS, LLC, a/k/a and d/b/a
PERFECTION COLLECTION, LLC, a Utah
Limited Liability Company, licensed pursuant
to Utah Entity Number 7798588-0130, and
doing business in Washington State, pursuant
to UBI No. 604 206 438, ZIONS DEBT
HOLDINGS, LLC, a Delaware Limited
Liability Company, an individual and
"member" of MOUNTAIN RUN
SOLUTIONS, LLC, a/k/a and d/b/a
PERFECTION COLLECTION, LLC, and
CHRISTOPHER CARTER, an individual and
"member" of MOUNTAIN RUN
SOLUTIONS, LLC, a/k/a and d/b/a
PERFECTION COLLECTION, LLC, and
BRIAN FULLER, an individual and
"member" of MOUNTAIN RUN
SOLUTIONS, LLC, a/k/a and d/b/a
PERFECTION COLLECTION, LLC,

DEMAND FOR JURY TRIAL

23

Defendants.

24
25
26

COME NOW, Plaintiffs, YUICHIRO MIYATA and SYRINTHIA CAMPBELL, and

allege as follows:

COMPLAINT                                    1         Robert Mitchell, Attorney at Law, PLLC
                                                        700 W. Evergreen Blvd | Vancouver, WA 98660
                                                        Ph (360) 993-5000 | Fax (888) 840-6003
                                                        bobmitchellaw@gmail.com

# I.   <u>INTRODUCTION</u>

Experian is a Credit Reporting Agency.  The other Defendants use credit reporting as a collection tool.[1]  Re-aging[2] an account on a consumer's credit report causes actual economic damage, including: damage to character and reputation, loss of credit, reduction of credit lines, increased interest rates on existing credit lines, increased insurance rates, loss of employment opportunities, and emotional distress, *inter alia*.  *See* 15 U.S.C. § 1681(a).

The Debt Collector Defendants regularly collect defaulted accounts that were originally owed to others.  Defendants' business model consists of purchasing portfolios of ancient debts for pennies on the dollar, artificially extending the credit reporting period by re-aging the accounts in the portfolio to reflect more recent dates of default,[3] and then credit reporting the accounts in attempt to damage consumers' credit reports as a means to threaten, harass, and intimidate consumers into paying the ancient and unenforceable debts.

Debt collectors are prohibited from re-aging an account for credit reporting purposes. 15 U.S.C. §§ 1681s-2(a)(5); 1681s-2(a)(5)(B)(i - iii); and 15 U.S.C. 1692e, e(2), and e(8).

---

[1] *See Edeh v. Midland Credit Management*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) (stating in pertinent part: "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.").  *See also* Cass, FTC Informal Staff letter (Dec. 23, 1997) (reporting to a credit bureau is "collection activity" that must cease until section 1692g(b) verification is provided: "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls.")

[2] "Re-aging" an account occurs when a debt collector misrepresents the date of default to extend credit reporting and debt collection past the period allowed by law.

[3] Debt buyers and debt collectors are only allowed to credit report accounts for 7 ½ years from the date of default or charge-off.  *See* 15 U.S.C. § 1681c(c)-c(c)(1).

COMPLAINT                                    2        Robert Mitchell, Attorney at Law, PLLC
                                                      700 W. Evergreen Blvd | Vancouver, WA 98660
                                                      Ph (360) 993-5000 | Fax (888) 840-6003
                                                      bobmitchellaw@gmail.com

To limit the damage to consumers when debt collectors report accounts to credit reporting agencies, the governing statutes prohibit debt collectors from providing any false information about an account to Credit Reporting Agencies.  *See* 15 U.S.C. § 1681; 15 U.S.C. § 1692e(8); RCW 19.16.250(10, 11, and 13); and RCW 19.86, *et seq*.

This case presents absolute evidence that the Debt Collector Defendants blatantly re-age accounts and credit report accounts that have long since passed the allowed credit reporting period.  The Debt Collector Defendants' actions border on RICO conduct.  Yet, EXPERIAN accommodates and enables this behavior by allowing this criminal enterprise to furnish credit information that is obviously erroneous, and then by refusing to perform a reasonable reinvestigation into consumer disputes against the Debt Collector Defendants.  Plaintiffs intend to amend this complaint to include civil RICO claims if discovery proves what Plaintiffs suspect: that this is a pattern and practice of intentional statutory violations committed by a corrupt organization.

In the interim, Plaintiffs seek an injunction designed to prevent this criminal enterprise from injuring any other Washington citizens through similar conduct and statutory violations.

## II.    <u>JURISDICTION AND VENUE</u>

2.1    Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves predominantly issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiffs occurred in this district, and where Plaintiffs are residents of this district, and where all Defendants have substantial business contacts in this district.  (28 U.S.C. §1332; 28 U.S.C. § 1391(b); and 28 U.S.C. § 1331).

COMPLAINT                                  3        Robert Mitchell, Attorney at Law, PLLC
                                                    700 W. Evergreen Blvd | Vancouver, WA 98660
                                                    Ph (360) 993-5000 | Fax (888) 840-6003
                                                    bobmitchellaw@gmail.com

2.2     Defendants are liable unto Plaintiffs pursuant to the provisions of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et. seq.*), the Fair Debt Collection Practice Act (15 U.S.C. § 1692 *et. seq.*), as well as other applicable federal and state laws.  Defendants are also liable unto Plaintiffs pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. § 1367 *et seq.*

### III.    PARTIES

3.1     Plaintiffs, YUICHIRO MIYATA and SYRINTHIA CAMPBELL are a married couple residing in Clark County, Washington.

3.2     More than a decade ago, Plaintiffs obtained home security services that they used primarily for personal, household, and family purposes.

3.3     Defendants allege that Plaintiffs defaulted on the home security services contract.

3.4     Plaintiffs are therefore consumers, persons, and debtors, as those terms are defined by the governing statutes.

3.5     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") is a "Credit Reporting Agency" ("CRA"), as defined by the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681(f).

3.6     EXPERIAN is an Ohio Corporation, registered to conduct business in Washington State, pursuant to UBI number 601738089.

3.7     EXPERIAN regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

COMPLAINT                                    4          Robert Mitchell, Attorney at Law, PLLC
                                                        700 W. Evergreen Blvd | Vancouver, WA 98660
                                                        Ph (360) 993-5000 | Fax (888) 840-6003
                                                        bobmitchellaw@gmail.com

3.8     EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

3.9     Defendant, MOUNTAIN RUN SOLUTIONS, LLC, a/k/a and d/b/a PERFECTION COLLECTION, LLC, is a Utah Limited Liability Company, and a Utah Collection Agency, licensed to engage in business and collect debts in the State of Utah, pursuant to Utah Entity Number 7798588-0130, and doing business in Washington State, pursuant to UBI No. 604 206 438.

3.10     Defendant, ZIONS DEBT HOLDINGS, LLC is a Delaware Limited Liability Company, an individual and "member" of MOUNTAIN RUN SOLUTIONS, LLC, a/k/a and d/b/a PERFECTION COLLECTION, LLC.

3.11     ZIONS is a "collection agency," "debt collector," "furnisher," and "person," as defined by the governing state and federal statutes.

3.12     ZIONS furnished credit information to two Credit Reporting Agencies, and made other attempts to collect the debt at the heart of this litigation from Plaintiffs.

3.13     CHRISTOPHER CARTER is an individual and "member" of MOUNTAIN RUN SOLUTIONS, LLC, a/k/a and d/b/a PERFECTION COLLECTION, LLC.

3.14     CHRISTOPHER CARTER is a "collection agency," "debt collector," "furnisher," and "person," as defined by the governing state and federal statutes.

3.15     CHRISTOPHER CARTER furnished credit information to two Credit Reporting Agencies, and made other attempts to collect the debt at the heart of this litigation from Plaintiffs.

3.16     BRIAN FULLER is an individual and "member" of MOUNTAIN RUN SOLUTIONS, LLC, a/k/a and d/b/a PERFECTION COLLECTION, LLC.

COMPLAINT            5       Robert Mitchell, Attorney at Law, PLLC
700 W. Evergreen Blvd | Vancouver, WA 98660
Ph (360) 993-5000 | Fax (888) 840-6003
bobmitchellaw@gmail.com

3.17    BRIAN FULLER is a "collection agency," "debt collector," "furnisher," and "person," as defined by the governing state and federal statutes.

3.18    BRIAN FULLER furnished credit information to the Credit Reporting Agencies, and made other attempts to collect the debt at the heart of this litigation from Plaintiffs.

3.19    MOUNTAIN RUN SOLUTIONS, LLC, a/k/a and d/b/a PERFECTION COLLECTION, LLC; ZIONS DEBT HOLDINGS, LLC; CHRISTOPHER CARTER; and BRIAN FULLER are hereinafter referred to as the "**Debt Collector Defendants**."

3.20    The Debt Collector Defendants regularly collect debts originally owed to others, and the principal purpose of the Debt Collector Defendants' business is the collection of third party debts.

## IV.  FACTUAL ALLEGATIONS

4.1    Plaintiffs re-allege paragraphs I through IV, inclusive as though fully set forth herein.

4.2    Plaintiffs obtained Monitronics/Brinks home security services in 2006.

4.3    Plaintiffs used the Monitronics/Brinks home security services primarily for personal, family, and household purposes.

4.4    Plaintiffs are consumers, debtors, and persons.

4.5    In 2009, Plaintiffs experienced financial hardships.

4.6    In 2010, Plaintiffs were forced to relocate to Washington State.

4.7    When Plaintiffs moved, they discontinued service with Monitronics/Brinks.

COMPLAINT                                        6          Robert Mitchell, Attorney at Law, PLLC
                                                            700 W. Evergreen Blvd | Vancouver, WA 98660
                                                            Ph (360) 993-5000 | Fax (888) 840-6003
                                                            bobmitchellaw@gmail.com

4.8      Plaintiffs no longer required the home security service because they no longer lived in the home where the service was provided.

4.9      On June 7, 2010, Plaintiffs made their final payment to Monitronix/Brinks.

4.10     June 7, 2010, was 10 years ago.

4.11     In July of 2010, Plaintiffs defaulted by failing to make a monthly payment.

4.12     On April 11, 2011, Monitronix/Brinks sold Plaintiffs' $417 defaulted account.

4.13     The Debt Collector Defendants allege that the Debt Collector Defendants eventually purchased Plaintiffs' $417 defaulted account.

4.14     The Debt Collector Defendants made attempts to collect Plaintiffs' $417 defaulted account from Plaintiffs.

4.15     The Debt Collector Defendants furnished information about the account to two separate Credit Reporting Agencies: Trans Union, LLC, and EXPERIAN.

4.16     The Debt Collector Defendants used two separate names to credit report the single account: PERFECTION COLLECTION and MOUNTAIN RUN SOLUTIONS.

4.17     The information the Debt Collector Defendants furnished to EXPERIAN was erroneous.

4.18     The Debt Collector Defendants informed EXPERIAN that the default occurred in 2013, not 2010.

4.19     As a result, EXPERIAN credit reported that the account will remain "**On Record Until Jan 2021**."

4.20     The Debt Collector Defendants also changed the account number(s).

4.21     The Debt Collector Defendants also tripled the account balance.

COMPLAINT                              7          Robert Mitchell, Attorney at Law, PLLC
                                                  700 W. Evergreen Blvd | Vancouver, WA 98660
                                                  Ph (360) 993-5000 | Fax (888) 840-6003
                                                  bobmitchellaw@gmail.com

4.22    On <u>March 9, 2020</u>, Plaintiff, SYRINTHIA CAMPBELL disputed the account directly to EXPERIAN.

4.23    EXPERIAN failed to conduct a reasonable reinvestigation.

4.24    The Debt Collector Defendants also failed to conduct a reasonable reinvestigation.

4.25    As a result, Plaintiffs received the following response to their dispute: "**The company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute.  Please review your credit report for details**."

4.26    On <u>March 10, 2020</u>, Plaintiff, SYRINTHIA CAMPBELL disputed the account to EXPERIAN, again.

4.27    EXPERIAN failed to conduct a reasonable reinvestigation.

4.28    The Debt Collector Defendants also failed to conduct a reasonable reinvestigation.

4.29    As a result, Plaintiffs received the following response to their dispute: "**The company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute.  Please review your credit report for details**."

4.30    On <u>March 11, 2020</u>, Plaintiff, SYRINTHIA CAMPBELL disputed the account to EXPERIAN, again.

4.31    EXPERIAN failed to conduct a reasonable reinvestigation.

COMPLAINT                              8        Robert Mitchell, Attorney at Law, PLLC
                                                700 W. Evergreen Blvd | Vancouver, WA 98660
                                                Ph (360) 993-5000 | Fax (888) 840-6003
                                                bobmitchelllaw@gmail.com

4.32    The Debt Collector Defendants also failed to conduct a reasonable reinvestigation.

4.33    As a result, Plaintiffs received the following response to their dispute: "**The company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute.  Please review your credit report for details**."

4.34    On <u>March 9, 2020</u>, Plaintiff, YUICHIRO MIYATA disputed the account directly to EXPERIAN.

4.35    EXPERIAN failed to conduct a reasonable reinvestigation.

4.36    The Debt Collector Defendants also failed to conduct a reasonable reinvestigation.

4.37    As a result, Plaintiffs received the following response to their dispute: "**The company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute.  Please review your credit report for details**."

4.38    On <u>March 10, 2020</u>, Plaintiff, YUICHIRO MIYATA disputed the account to EXPERIAN, again.

4.39    EXPERIAN failed to conduct a reasonable reinvestigation.

4.40    The Debt Collector Defendants also failed to conduct a reasonable reinvestigation.

4.41    As a result, Plaintiffs received the following response to their dispute: "**The company that reported the information has certified to Experian that the information is**

COMPLAINT                                    9

**accurate.  This item was not changed as a result of our processing of your dispute.  Please review your credit report for details**."

4.42    On <u>March 11, 2020</u>, Plaintiff, YUICHIRO MIYATA disputed the account to EXPERIAN, again.

4.43    EXPERIAN failed to conduct a reasonable reinvestigation.

4.44    The Debt Collector Defendants also failed to conduct a reasonable reinvestigation.

4.45    As a result, Plaintiffs received the following response to their dispute: "**The company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute.  Please review your credit report for details**."

4.46    The Debt Collector Defendants' actions and inactions were unfair and unreasonable.

4.47    The Debt Collector Defendants' actions and inactions were deceptive.

4.48    The Debt Collector Defendants' unfair and deceptive actions and inactions occurred in the course of trade or commerce.

4.49    The Debt Collector Defendants' unfair and deceptive actions and inactions are a matter of public interest.

4.50    The Debt Collector Defendants' unfair and deceptive actions and inactions have the capacity for repetition and the potential to injure other Washington citizens.

4.51    Plaintiffs were injured and damaged as a direct and proximate result of the Debt Collector Defendants' unfair and deceptive actions and inactions.

COMPLAINT                              10       Robert Mitchell, Attorney at Law, PLLC
                                                700 W. Evergreen Blvd | Vancouver, WA 98660
                                                Ph (360) 993-5000 | Fax (888) 840-6003
                                                bobmitchellaw@gmail.com

4.52    Plaintiffs were forced to take time away from otherwise economically productive activities to research and investigate the Debt Collector Defendants' unfair and deceptive actions and inactions.

4.53    Plaintiffs were forced to take time away from otherwise economically productive activities to seek out and retain an attorney to put an end to the Debt Collector Defendants' unfair and deceptive actions and inactions.

4.54    The Debt Collector Defendants' unfair and deceptive actions and inactions caused Plaintiffs to suffer other injuries, damages, and extreme frustration, anxiety, humiliation, character and reputation damages, and other severe emotional distress.

4.55    Plaintiffs were injured as a direct and proximate result of all Defendants' erroneous credit reporting.

4.56    Plaintiffs were also injured and damaged as a direct and proximate result of all Defendants' refusals to conduct a reasonable reinvestigation and failure to correct the erroneous reporting and/or delete the tradeline.

4.57    Plaintiffs suffered extreme emotional distress as a direct and proximate cause of all Defendants' actions and inactions.

4.58    Plaintiffs were chilled and frustrated in their attempts to obtain a mortgage, as a direct and proximate cause of Defendants' actions and inactions.

4.59    All of Plaintiffs' damages and injuries were directly and proximately caused by Defendants' actions and inactions.

4.60    Trans Union, LLC conducted a reasonable reinvestigation and deleted the account from both Plaintiffs' consumer credit reports.

COMPLAINT                                    11      Robert Mitchell, Attorney at Law, PLLC
                                                            700 W. Evergreen Blvd | Vancouver, WA 98660
                                                            Ph (360) 993-5000 | Fax (888) 840-6003
                                                            bobmitchellaw@gmail.com

4.61    In <u>May of 2020</u>, the Debt Collector Defendants finally instructed EXPERIAN to delete the erroneous tradeline.

## V.    FIRST CAUSE OF ACTION

<u>Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b)</u>

<u>(As to EXPERIAN)</u>

5.1    Plaintiffs re-allege sections I through IV, inclusive as though fully set forth herein.

5.2    EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

5.3    As a result of this conduct, action, and inaction of EXPERIAN, Plaintiffs suffered a chilling effect adversely affecting their use of their credit, damage to their character and reputation, and the mental and emotional pain and anguish and the humiliation and embarrassment of bad credit and a lower credit score.

5.4    EXPERIAN'S conduct, action, and inaction was willful, rendering it liable for damages pursuant to 15 U.S.C. § 1681n.

5.5    In the alternative, EXPERIAN was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

5.6    Plaintiffs are entitled to recover costs and attorneys' fees from EXPERIAN, in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

//

//

COMPLAINT                    12        Robert Mitchell, Attorney at Law, PLLC
700 W. Evergreen Blvd | Vancouver, WA 98660
Ph (360) 993-5000 | Fax (888) 840-6003
bobmitchellaw@gmail.com

# VI.   SECOND CAUSE OF ACTION

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681i

### (As to EXPERIAN)

6.1    Plaintiffs re-allege sections I through V, inclusive as though fully set forth herein.

6.2    EXPERIAN violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the credit furnisher, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files; and by relying upon verification from sources it has reason to know are unreliable.

6.3    As a result of this conduct, action, and inaction of EXPERIAN, Plaintiffs suffered injury and damage by suffering a chilling effect adversely affecting their use of their credit, damage to their character and reputation, and the mental and emotional pain and anguish and the humiliation and embarrassment of bad credit and a lower credit score.

6.4    EXPERIAN'S conduct, action, and inaction was willful, rendering it liable to Plaintiffs for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n; in the alternative, EXPERIAN was negligent, entitling Plaintiffs to recover actual damages, under 15 U.S.C. § 1681o.

6.5    Plaintiffs are also entitled to recover costs and attorneys' fees from EXPERIAN, in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and/or § 1681o.

COMPLAINT                                 13        Robert Mitchell, Attorney at Law, PLLC
                                                    700 W. Evergreen Blvd | Vancouver, WA 98660
                                                    Ph (360) 993-5000 | Fax (888) 840-6003
                                                    bobmitchelllaw@gmail.com

## VII.    THIRD CAUSE OF ACTION

Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

(As to The Debt Collector Defendants)

7.1     Plaintiffs re-allege sections I through VI, inclusive as though fully set forth herein.

7.2     The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., was enacted by Congress "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47 (2007).

7.3     The FCRA imposes several duties on businesses that furnish data to the Credit Reporting Agencies (hereinafter "CRA").

7.4     Upon notice from a CRA that a consumer has disputed information, the furnisher shall, among other things, conduct an investigation with respect to the disputed information, review all relevant information provided by the CRA, and report the results of the investigation to the CRA.  15 U.S.C. § 1681s-2(b)(1).

7.5     Here, the Debt Collector Defendants completely failed this responsibility and either failed or refused to conduct a reasonable reinvestigation of Plaintiffs' dispute of the erroneous account and erroneous credit reporting.

7.6     As a direct and proximate result of the Debt Collector Defendants' conduct, action, and inaction, Plaintiffs suffered injury and damage by suffering a chilling effect adversely affecting their use of their credit, damage to their character and reputation, and the mental and emotional pain and anguish and the humiliation and embarrassment of bad credit and a lower credit score.

COMPLAINT                                     14          Robert Mitchell, Attorney at Law, PLLC
                                                         700 W. Evergreen Blvd | Vancouver, WA 98660
                                                         Ph (360) 993-5000 | Fax (888) 840-6003
                                                         bobmitchellaw@gmail.com

7.7    The Debt Collector Defendants' conduct, action, and inaction was willful, rendering the Debt Collector Defendants liable to Plaintiffs for actual and punitive damages, pursuant to 15 U.S.C. § 1681, *et seq.*

7.8    In the alternative, the Debt Collector Defendants were negligent, entitling Plaintiffs to recover actual damages, pursuant to 15 U.S.C. § 1681, *et seq.*

7.9    Plaintiffs are entitled to recover costs and attorneys' fees from the Debt Collector Defendants in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681, *et seq.*

## VIII.   FOURTH CAUSE OF ACTION

Fair Debt Collection Practices Act Violation – 15 U.S.C. §1592e(2) & e(8)

(As to The Debt Collector Defendants)

8.1    Plaintiffs re-allege sections I through VII, inclusive as though fully set forth herein.

8.2    Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA") in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); and *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

8.3    The FDCPA is a strict liability remedial statute that must be liberally construed to protect consumers.  *Fox v. Citicorp Credit Servs., Inc*., 15 F.3d 1507 (9th Cir. 1994).

8.4    Pursuant to the FDCPA, a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

COMPLAINT                              15    Robert Mitchell, Attorney at Law, PLLC
700 W. Evergreen Blvd | Vancouver, WA 98660
Ph (360) 993-5000 | Fax (888) 840-6003
bobmitchellaw@gmail.com

8.5     The term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."   15 U.S.C. § 1692a(5).

8.6     The term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

8.7     The Debt Collector Defendants are third party debt collectors.

8.8     The Debt Collector Defendants regularly collect defaulted consumer debts originally owed to another.

8.9     The principal purpose of the Debt Collector Defendants' business is the collection of defaulted accounts originally owed to another.

8.10    The Debt Collector Defendants report defaulted consumer debts to major credit reporting agencies.

8.11    The FDCPA prohibits the Debt Collector Defendants from falsely representing the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2).

8.12    The FDCPA prohibits the Debt Collector Defendants from communicating or threatening to communicate to the Credit Reporting Agencies, credit information which is known, or which should be known to be false. 15 U.S.C. § 1692e(8).

8.13    The Debt Collector Defendants violated the FDCPA where:

COMPLAINT                          16          Robert Mitchell, Attorney at Law, PLLC
                                               700 W. Evergreen Blvd | Vancouver, WA 98660
                                               Ph (360) 993-5000 | Fax (888) 840-6003
                                               bobmitchellaw@gmail.com

A.  Plaintiffs disputed the debt to EXPERIAN.

B.  The Debt Collector Defendants knew or should have known that Plaintiffs disputed the debt that the Debt Collector Defendants were reporting to the Credit Reporting Agencies, and the Debt Collector Defendants knew or should have known that the information the Debt Collector Defendants were reporting to the CRA's was erroneous.

C.  Despite Plaintiffs' disputes, within the last 12 months, the Debt Collector Defendants have provided false and erroneous information about Plaintiffs' consumer debt to two major Credit Reporting Agencies.

8.14    It was unfair and deceptive for the Debt Collector Defendants to provide false information to the major Credit Reporting Agencies.

8.15     It was unfair and deceptive for the Debt Collector Defendants to refuse to correct the false information after Plaintiffs disputed the erroneous information directly to the major Credit Reporting Agencies.

8.16    The Debt Collector Defendants' actions have caused Plaintiffs actual economic damage and injury.

8.17    The Debt Collector Defendants' actions have injured and damaged Plaintiffs' character and reputations.

8.18    The Debt Collector Defendants' actions have caused Plaintiffs humiliation, frustration, anxiety, and other severe emotional distress.

8.19    The Debt Collector Defendants' actions have caused Plaintiffs other economic and non-economic damages.

COMPLAINT                                     17

Robert Mitchell, Attorney at Law, PLLC
700 W. Evergreen Blvd | Vancouver, WA 98660
Ph (360) 993-5000 | Fax (888) 840-6003
bobmitchellaw@gmail.com

8.20    The Debt Collector Defendants' actions are the direct and proximate cause of Plaintiffs' injuries and damages.

8.21    Plaintiffs are also entitled to statutory damages in the amount of up to $1,000.00, per Plaintiff.

8.22    Plaintiffs are also entitled to an award of attorneys' fees and costs.

## IX.    FIFTH CAUSE OF ACTION

### Washington Consumer Protection Act – RCW 19.86

#### (As to The Debt Collector Defendants)

9.1    Plaintiffs re-allege sections I through VIII, inclusive as though fully set forth herein.

9.2    Washington's Consumer Protection Act (hereinafter "CPA") states in pertinent part: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

9.3    Washington's CPA applies to the actions at issue herein because Plaintiffs are "consumers/persons" and the Debt Collector Defendants are a "person" and "business," the complaint involves conduct which occurred in the course of trade/commerce, Plaintiffs were damaged and injured in their property or business by the Debt Collector Defendants' unfair and deceptive acts or practices, and the complaint involves a matter of public interest which affects other consumers in this state, and has the capacity for repetition.

9.4    In this case, the Debt Collector Defendants misrepresented the amount, character, and status of the account in attempt to force Plaintiffs to pay an erroneous and time-barred claim.

COMPLAINT                    18         Robert Mitchell, Attorney at Law, PLLC
                                        700 W. Evergreen Blvd | Vancouver, WA 98660
                                        Ph (360) 993-5000 | Fax (888) 840-6003
                                        bobmitchellaw@gmail.com

9.5     The Debt Collector Defendants communicated an erroneous account number, an erroneous balance, and an erroneous date of default.

9.6     The Debt Collector Defendants' actions were unfair and deceptive.

9.7     The Debt Collector Defendants' unfair and deceptive actions occurred in the course of trade or commerce.

9.8     The Debt Collector Defendants' unfair and deceptive actions involve a matter of public interest.

9.9     The Debt Collector Defendants' unfair and deceptive actions have the capacity for repetition.

9.10    The Debt Collector Defendants' unfair and deceptive actions caused Plaintiffs' actual economic injury to their person, reputation, character, and property.

9.11    The Debt Collector Defendants' unfair and deceptive actions are the direct and proximate cause of Plaintiffs' injuries and damages.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs the following relief against Defendants:

A.     For Actual Damages resulting from EXPERIAN's negligent violations of 15

B.     U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681o.

C.     For Actual Damages resulting from EXPERIAN's willful violations of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n.

D.     For Statutory Damages resulting from EXPERIAN's willful violations of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n.

COMPLAINT                          19        Robert Mitchell, Attorney at Law, PLLC
                                            700 W. Evergreen Blvd | Vancouver, WA 98660
                                            Ph (360) 993-5000 | Fax (888) 840-6003
                                            bobmitchellaw@gmail.com

E.      For Punitive Damages resulting from EXPERIAN's willful violations of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n.

F.      For Actual Damages resulting from EXPERIAN's negligent violations of 15 U.S.C. § 1681i, pursuant to 15 U.S.C. § 1681o.

G.      For Actual Damages resulting from EXPERIAN's willful violations of 15

H.      U.S.C. § 1681i, pursuant to 15 U.S.C. § 1681n.

I.      For Statutory Damages resulting from EXPERIAN's willful violations of 15 U.S.C. § 1681i, pursuant to 15 U.S.C. § 1681n.

J.      For Punitive Damages resulting from EXPERIAN's willful violations of 15 U.S.C. § 1681i, pursuant to 15 U.S.C. § 1681n.

K.      For Costs and Attorney's fees in an amount to be determined by the Court, for EXPERIAN's willful and negligent violations of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i , pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

L.      For Actual Damages, Statutory Damages, and Punitive Damages for the Debt Collector Defendants' negligent or willful violations of 15 U.S.C. § 1681s-2(b)(1).

M.      For Costs and Attorney's fees in an amount to be determined by the Court, for the Debt Collector Defendants' negligent or willful violations of 15 U.S.C. § 1681s-2(b)(1).

N.      For Actual Damages, Statutory Damages, and Emotional Distress Damages resulting from the Debt Collector Defendants' violations of 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692e(8).

O.      For Costs and Attorney's fees in an amount to be determined by the Court, for the Debt Collector Defendants' violations of 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692e(8).

COMPLAINT                              20        Robert Mitchell, Attorney at Law, PLLC

P.      For Actual Damages resulting from the Debt Collector Defendants' violations of RCW 19.86, *et seq*., pursuant to RCW 19.86.090.

Q.      For Treble Actual Damages up to the amount of $25,000.00, for the Debt Collector Defendants' violations of RCW 19.86, *et seq*., pursuant to RCW 19.86.090.

R.      For Costs and Attorney's fees in an amount to be determined by the Court, for the Debt Collector Defendants' violations of RCW 19.86, *et seq*., pursuant to RCW 19.86.090.

S.      For Interest on the above amounts as authorized by law.

T.      For Leave to amend this Complaint as needed and as required.

U.      For Such Other Relief as the Court deems just and proper.

## XI.      **REQUEST FOR TRIAL BY JURY**

Plaintiff hereby requests a trial by jury.

Dated this 1st day of June, 2020.

*Robert Mitchell*
ROBERT MITCHELL, WSBA No. 37444
Robert Mitchell Attorney at Law, PLLC
700 W. Evergreen Blvd.
Vancouver, WA 98660
Telephone:     (360) 993-5000
Email:bobmitchellaw@gmail.com

COMPLAINT                          21      Robert Mitchell, Attorney at Law, PLLC
700 W. Evergreen Blvd | Vancouver, WA 98660
Ph (360) 993-5000 | Fax (888) 840-6003
bobmitchellaw@gmail.com